DA 09-0066

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 378

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

VANESSA TOPAZ BAHR,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District,
       In and For the County of Cascade, Cause No. DDC-08-028
       Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski,
      Assistant Appellate Defender, Helena, Montana

   For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
      Assistant Attorney General, Helena, Montana

           Submitted on Briefs: October 14, 2009

               Decided: November 10, 2009

Filed:

    _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Vanessa Bahr was required to maintain registration as a violent offender. She was charged with failure to provide the notice required by law of her change of address, a charge later amended to failing to provide notice of a change of residence. She was convicted after a jury trial and sentenced to five years with the Department of Corrections, all suspended on conditions. Bahr appeals and we affirm.

¶2 Bahr raises the following issues on appeal:

¶3 Issue One: Whether the District Court erred in refusing to dismiss the charge on the ground that the information was based upon conduct that was not a crime under Montana law.

¶4 Issue Two: Whether the District Court erred by allowing the State to amend the information on a matter of substance on the first day of trial.

¶5 Bahr was required to register as a violent offender as a result of a 1995 conviction for robbery, and as of 2002 maintained a registration in Glacier County, Montana. *See* § 46-23-504, MCA. She came to the attention of Great Falls Police in Cascade County, Montana, who were investigating a robbery. They determined that Bahr had been living in Cascade County for over a month without changing her registration information. Based upon these facts, in January, 2008 the State obtained leave to file an information charging her with "failure of violent offender to provide notice of address change," citing §§ 46-23-502(7); -502(9); -505; and -507, MCA.

¶6    In October, 2008, over nine months after being arraigned on the charge and four days before the start of trial, Bahr moved to dismiss the charge "for failing to allege an offense recognized by current Montana law." The basis of Bahr's motion was that the statutory offense was failing to provide notification of a change in residence, and that at the time of the incident there was no offense of failure to provide notification of a change of address. The District Court denied the motion to dismiss, and, over Bahr's objection, granted a motion by the State to file an amended information. The amended information changed the description of the offense from failure to provide "notice of change of address" to failure to provide "notice of change of residence." The amendment also changed one of the statutory references from "46-23-502(9)" to "46-23-502(10)."

¶7    *Issue One: Whether the District Court erred in refusing to dismiss the charge on the ground that the information was based upon conduct that was not a crime under Montana law.* Sexual and violent offenders may be required to register their whereabouts by providing the address at which they intend to reside, along with fingerprints and a photo. Sections 46-23-503, and -504, MCA. Prior to 2007, an offender who had a "change of address" was required to give notice of the change within 10 days. Section 46-23-505, MCA (2005). That statute was amended and, at the time Bahr was charged, it required an offender who had a "change of name or residence or a change in student, employment or transient status" to give notice of the change within 3 business days. Section 46-23-505, MCA (2007). Section 46-23-507, MCA, provided throughout this time: "A sexual or violent offender who knowingly fails to register, verify registration,

3

or keep registration current under this part may be sentenced to a term of imprisonment of not more than 5 years or may be fined not more than $10,000, or both."

¶8 Bahr was charged by information.

> "An information is a written accusation of criminal conduct prepared by a prosecutor in the name of the State. The information must reasonably appraise the accused of the charges against him, so that he may have the opportunity to prepare and present his defense." We read the information, and the affidavit in support thereof, as a whole to determine the sufficiency of the charging documents. We apply the "common understanding" rule to determine if the charging language of a document allows a person to understand the charges against him. Under this standard, "the test of the sufficiency of a charging document is whether the defendant is appraised of the charges and whether he will be surprised."

*State v. Wilson*, 2007 MT 327, ¶ 25, 340 Mont. 191, 172 P.3d 1264 (internal citations omitted). An information may be amended as to form with leave of the court at any time before verdict, and as to substance up to five days before trial. Section 46-11-205, MCA. A change is as to form when the same crime is charged, the elements of the crime and proof are the same and the defendant is informed of the charges. *Wilson*, ¶ 26.

¶9 An information that contains an erroneous name of the offense or an erroneous statutory reference is not necessarily invalid as long as the charging language passes the "common understanding" rule. *State v. Brogan*, 261 Mont. 79, 86, 862 P.2d 19, 23 (1993); State *v. Longneck*, 196 Mont. 151, 154, 640 P.2d 436, 438 (1981).

¶10 The District Court correctly concluded that the initial information properly charged an offense. The actual offense that Bahr was charged with did not change: a violation of § 46-23-507, MCA. That section makes it an offense punishable by fine and imprisonment for an offender to fail to "register, verify registration, or keep registration

4

current . . . . " Bahr's offense was failing to keep her registration current, as defined in § 46-23-505, MCA, and as made an offense by § 46-23-507, MCA. The original information and the affidavit filed in support of it clearly set out that Bahr was required to register as a violent offender; that her last registration was completed in 2002; that in 2002 she acknowledged the requirement that she must provide notice of any change; that she had been registered in Glacier County; and that she had lived in Great Falls for over a month "without updating her registration information." The term "residence" as used in the statute specifically requires that it "can be located by a street address . . . ." Section 46-23-502(7), MCA.

¶11 This was enough as a matter of law to apprise Bahr of the charges against her and to prevent any surprise. Bahr does not allege any surprise, or any prejudice to her defense that arose from the wording of the original charging documents. The facts that she waited over nine months after arraignment to raise the issue of the sufficiency of the information and then did so on the eve of trial belie any claim of surprise. Even if there were error in the charging documents, there is no ground for reversal unless Bahr demonstrates that she was prejudiced. Section 46-20-701, MCA; *State v. Ferguson*, 2005 MT 343, ¶ 126, 330 Mont. 103, 126 P.3d 463. The District Court therefore properly declined to dismiss the charges against her.

¶12 *Issue Two: Whether the District Court erred by allowing the State to amend the information on a matter of substance on the first day of trial.* The District Court did not abuse its discretion in allowing the State to file an amended information because the change was one of form, not substance. As noted, the only changes were replacing the

5

term "change of address" with "change of residence" and changing one of the statutory references to § 46-23-502(10), MCA, instead of (9). Section 46-23-502, MCA, contains only definitions of terms and was not an essential part of the charge. Therefore, changing the citation to the definition of "sexual or violent offender" was not a change of substance. Bahr does not deny that she was a violent offender who was required to register.

¶13 Similarly, the amendment from "change of address" to "change of residence" was not a change of substance. As previously noted, a street address is an essential component of "residence" under § 46-23-502(7), MCA, which was specifically cited in both the original information and the amended information. Bahr's offense was failing to "keep registration current" as required by § 46-23-507, MCA. The change of "street address" to "residence" was therefore a change of form, not substance. Bahr does not deny on appeal that she had left Glacier County and had been living in a motel in Great Falls, Cascade County, without changing her registration information.

¶14 The District Court correctly allowed the amendment.

¶15 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE

6