DA 12-0413

FILED

February 5 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 28N

ROBERT AYRES DaSILVA, JR.,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DV 11-949
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert Ayres DaSilva, Jr., self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:   January 9, 2013
Decided:   February 5, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert Ayres DaSilva, Jr. appeals the order entered by the Eighth Judicial District Court, Cascade County, dismissing his petition for postconviction relief.

¶3     On October 22, 2009, DaSilva was found guilty after trial by jury of Failure of Sex Offender to Provide Notice of Address Change, a felony, in violation of §§ 46-23-505, 46-23-504(5), 46-23-507, and 46-23-502(9), MCA, and Resisting Arrest, a misdemeanor, in violation of § 45-7-301, MCA. DaSilva appealed his conviction, asserting that his due process rights were violated by the District Court's instruction to the jury that his prior Washington conviction was a "sexual offense" as a matter of law, and that the District Court had erred by granting a continuance to the State for purposes of amending the information. We affirmed. *State v. DaSilva*, 2011 MT 183, 361 Mont. 288, 258 P.3d 419.

¶4     On November 9, 2011, DaSilva filed a petition for postconviction relief asserting 11 claims, and asserted two additional claims by way of a later pleading. DaSilva's claims alleged, in sum, that he was deprived of his right to counsel, that his counsel was ineffective, and that the elements of the crime of failing to provide an address change

2

were not proven. The District Court restated DaSilva's contentions as seven claims, denying them on the ground that they were "record-based contentions that Petitioner either did raise or could have raised on direct appeal." The District Court further concluded that "to the extent that these contentions can arguably be properly construed as not record-based," they were either defeated on their merits by a review of the record or by DaSilva's failure "to make a particularized legal and factual showing that counsel's performance was not objectively reasonable and that a substantial likelihood exists that his trial would have resulted in a different outcome if counsel had performed as Petitioner alleges he should have."

¶5    On appeal, DaSilva states two issues: (1) his trial counsel rendered ineffective assistance by failing to provide the proper jury instruction for the change of address charge as it was amended and, alternatively, that he was entitled to an evidentiary hearing on this claim;[1] and (2) the State committed prosecutorial misconduct by failing to disclose every element of the amended change of address charge to the jury, thus failing to prove each element of that offense. The State responds by arguing that the prosecutorial misconduct claim was correctly denied by the District Court as procedurally barred because the claim could reasonably have been raised on direct appeal from DaSilva's conviction, and that the ineffective assistance of counsel claim was

---

[1] The District Court dismissed the petition without a hearing, reasoning that evidentiary hearings in postconviction proceedings are "discretionary, required only in 'unique circumstances,'" citing *Heath v. State*, 2009 MT 7, ¶¶ 21-24, 348 Mont. 361, 202 P.3d 118.

insufficiently supported, but, in any event, DaSilva's claim that a different jury instruction was necessary in order to properly instruct the jury about the change of address charge is legally incorrect.

¶6    "We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Sanchez v. State*, 2012 MT 191, ¶ 12, 366 Mont. 132, 285 P.3d 540 (citations omitted). Ineffective assistance of counsel claims are mixed questions of law and fact, which are reviewed de novo. *Sanchez*, ¶ 12 (citation omitted).

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted, or are issues of judicial discretion and there clearly was not an abuse of discretion.

¶8    Affirmed.

/S/ Jim Rice

We concur:

/S/ Mike McGrath
/S/ Brian Morris
/S/ Michael E Wheat
/S/ Laurie McKinnon