
DA 12-0447

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 116N

CITY OF MISSOULA,

        Plaintiff and Appellee,

  v.

BRET A. HITSHEW,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DC-12-100
                  Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
                Attorney General, Helena, Montana

                Jim Nugent, Missoula City Attorney, Gary L. Henricks, Assistant City
                Attorney, Missoula, Montana

                                Submitted on Briefs:  April 10, 2013
                                          Decided:  April 30, 2013

Filed:

                          _____
                                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On May 18, 2011, Bret Hitshew and his girlfriend, Cheryl Westerland, were eating lunch at Taco Treat, located inside the Nickle Ante Casino in Missoula, when Hitshew's former girlfriend appeared and confronted them. Hitshew and Westerland decided to leave, but first stopped to cash out with the casino attendant. As they did, Hitshew's ex-girlfriend began screaming obscenities at Westerland. Hitshew and Westerland left and got into a 1988 Oldsmobile Delta 88 owned by Hitshew's mother, with Hitshew driving. The ex-girlfriend followed in her car and eventually rammed the Oldsmobile. Officers with the Missoula City Police Department responded to the scene. Upon determining that Hitshew's driver's license was suspended or revoked, one of the officers cited him with violating § 61-5-212, MCA.

¶3 Hitshew appeared in Missoula Municipal Court on June 20, pleaded not guilty, and requested a public defender. Brian Yowell was appointed. Yowell and the Missoula City Attorney signed an Omnibus Hearing Memorandum on September 26. Among other things, the form expressly indicates that the defendant will not be asserting an affirmative defense. On October 25, the Municipal Court set a bench trial for December 14 at 9:00 a.m.

¶4 On December 13, Yowell realized that he had commitments in district court which conflicted with the time set for Hitshew's trial in the Municipal Court. As a result, the Public Defender's Office reassigned Hitshew's case to Kelly Henkel at approximately 3:45

2

p.m. on December 13. After being assigned the case, Henkel met with Hitshew, became aware of a possible compulsion defense, and learned of two possible witnesses.

¶5 The next morning, Henkel appeared with Hitshew in the Municipal Court and moved for a continuance so that Yowell could represent Hitshew at trial. She explained the timing of her appointment, the shortcomings of her trial preparation, Hitshew's willingness to have any delay attributed to him for speedy trial purposes, and his desire to raise a compulsion defense (namely, that he had driven while his license was suspended in order to avoid being assaulted by his ex-girlfriend). Henkel acknowledged that she could proceed with the trial that morning, but she asserted that she did not believe it would be in Hitshew's best interests for her to do so. The City opposed the continuance because Hitshew had not given proper notice of an affirmative defense. Moreover, the City had its witnesses (the two City police officers) present, and they were on overtime. The City indicated that it was prepared to proceed.

¶6 The Municipal Court denied the requested continuance, but stated that it would allow Hitshew to present his compulsion defense. The City presented the testimony of the two police officers. Thereafter, Hitshew presented the testimony of a witness Henkel had located, who stated that she heard yelling and saw a woman push Hitshew in the back before he and Westerland left the casino. Hitshew also testified in his own defense. But at no point did he state that he believed he might suffer death or serious bodily harm if he did not drive away from the casino. *See* § 45-2-212, MCA. Nor did he testify that he had asked the proprietors of the casino to call the police. At the conclusion of trial, the court found Hitshew guilty. The court noted that it did not accept his compulsion defense because he had

3

taken the time to check out with the casino attendant before leaving and because, by his own admission, he had driven to the restaurant before the encounter with his ex-girlfriend. The court sentenced him to a fine, costs, and six months in jail with all but 16 days suspended.

¶7 Hitshew appealed to the Fourth Judicial District Court, Missoula County, arguing (1) that the Municipal Court abused its discretion when it denied his motion to continue and (2) that he received ineffective assistance of counsel. The District Court rejected both claims, and Hitshew now appeals to this Court. He raises only the question whether the Municipal Court abused its discretion in denying his motion to continue.

¶8 Section 46-13-202, MCA, governs continuances. All motions for continuance are addressed to the discretion of the trial court and must be considered in the light of the diligence shown on the part of the movant. Section 46-13-202(3), MCA. Moreover, in reviewing a continuance, an abuse of discretion can be present only when the trial court's ruling has prejudiced the defendant. *State v. DaSilva*, 2011 MT 183, ¶ 24, 361 Mont. 288, 258 P.3d 419. Here, Hitshew has failed to demonstrate that he was prejudiced by the Municipal Court's ruling. Henkel presented Hitshew's defense of compulsion. She called a witness whom Yowell had not previously discovered. As the District Court concluded, Henkel's representation was not ineffective, and Hitshew has not challenged that conclusion on his appeal to this Court. Moreover, he has failed to explain, beyond conclusory allegations, how Henkel (or Yowell) would have been better prepared for trial or what additional, noncumulative evidence Henkel (or Yowell) would have presented in support of his defense, had the Municipal Court granted the requested continuance.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the record and the parties' briefs, we conclude that Hitshew has failed to establish prejudice resulting from the Municipal Court's denial of his motion to continue.

¶10    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS