DA 13-0081

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 192A

STATE OF MONTANA,

       Plaintiff and Appellant,

  v.

EDWARD HAROLD GHOSTBEAR,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                 In and For the County of Hill, Cause No. DC 12-008
                 Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
              Attorney General, Helena, Montana

              Gina Dahl, Hill County Attorney, Karla Bosse, Special Deputy County
              Attorney, Havre, Montana

       For Appellee:

              Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant
              Appellate Defender, Helena, Montana

                                 Submitted on Briefs:  May 28, 2014
                                       Decided:  July 22, 2014
                                     Amended:  October 23, 2014

Filed:

_____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1   Edward Ghostbear was convicted of sexual assault after a jury trial. The State of Montana appeals from the District Court's post-trial decision that the misdemeanor penalty provided by § 45-5-502(2)(a), MCA, is the maximum sentence that can be imposed.[1] We reverse and remand.

¶2   The issue on appeal is whether the District Court's post-trial decision was correct.

### PROCEDURAL AND FACTUAL BACKGROUND

¶3   In January 2012 the State charged Edward Ghostbear with one count of felony sexual intercourse without consent under § 45-5-503(4), MCA, and an alternative count of felony sexual assault under § 45-5-502(3), MCA. The victim in both counts was the 7-year-old daughter of Ghostbear's girlfriend. On October 30, 2012, the jury returned its verdict finding Ghostbear not guilty of sexual intercourse without consent and finding him guilty of felony sexual assault.

¶4   After the jury's verdict Ghostbear moved that the District Court sentence him to the misdemeanor penalty of a first conviction of sexual assault under § 45-5-502(2)(a), MCA. Ghostbear argued that the felony penalty in § 45-5-502(3), MCA, was simply a penalty enhancement for sexual assault that did not apply because the jury did not make a finding that the victim was younger than 16 and did not make a finding that Ghostbear was more than 3 years older under the provisions of § 46-1-401, MCA. The District

---

[1] Ghostbear moved to dismiss the appeal contending that there was no authority for the State to appeal prior to imposition of the sentence. After briefing from the parties, this Court's order of February 26, 2013, denied the motion to dismiss, concluding that the State could appeal pursuant to § 46-20-103(2)(b), MCA.

Court agreed, concluding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) required the jury to make a specific finding as to the ages of Ghostbear and the victim before the felony offense provided in § 45-5-502(3), MCA, could apply. The District Court concluded that the State had not provided proof of the ages of Ghostbear and the victim, and that the jury had not made a factual finding as to the respective ages. The District Court concluded that Ghostbear could not be sentenced for felony sexual assault under § 45-5-502(3), MCA. The State appeals.

## STANDARD OF REVIEW

¶5      A district court's interpretation of a statute is a conclusion of law which we review for correctness. *Montana State Fund v. Simms,* 2012 MT 22, ¶ 15, 364 Mont. 14, 270 P.3d 64; *Briese v. Mont. Pub. Emp. Ret. Bd.*, 2012 MT 192, ¶ 11, 366 Mont. 148, 285 P.3d 550; *Olson v. Jude*, 2003 MT 186, ¶ 34, 316 Mont. 438, 73 P.3d 809. We review a district court's findings of fact to determine whether they are clearly erroneous. *Brimstone Mining, Inc. v. Glaus*, 2003 MT 236, ¶ 20, 317 Mont. 236, 77 P.3d 175. A finding of fact may be clearly erroneous if it is not supported by substantial evidence in the record; if the district court misapprehended the evidence; or when our review of the record leaves this Court with the definite and firm conviction that a mistake has been made. *Brimstone*, ¶ 20.

## DISCUSSION

¶6      A person commits the offense of felony sexual assault by knowingly subjecting another person to "any sexual contact without consent," and if the victim is less than 16 years old and the offender is 3 or more years older, or if the offender inflicts bodily

3

injury. Section 45-5-502(1), (3), MCA. If the victim is less than 14 years old and the attacker is more than 3 years older, there can be no consent as a matter of law. Section 45-5-502(5)(a)(ii), MCA. An offender convicted of felony sexual assault under § 45-5-502(3), MCA, is subject to a term of not less than 4 years and up to life in the state prison, along with a fine up to $50,000. Section 45-5-502(3), MCA.

¶7 In *Apprendi* the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2263-64 (emphasis added); *Adams v. State*, 2007 MT 35, ¶ 52, 336 Mont. 63, 153 P.3d 601. Section 46-1-401, MCA, consistent with the holding in *Apprendi*, provides certain restrictions on the sentencing court before a penalty enhancement may be imposed. While the parties agree on appeal that § 45-5-502(3), MCA, is a sentence enhancement provision covered by § 46-1-401, MCA, and the rule in *Apprendi,* we conclude otherwise.

¶8 A "sentence enhancement" is a fact that increases the penalty for a crime "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2263-64. It is a fact not included in the statutory definition of the elements of the charged offense that allows the judge to increase the penalty provided by statute. Section 46-1-401(3), MCA. There was no sentencing enhancement for the District Court to apply or consider in this case.

¶9 The State charged Ghostbear with the crime of felony sexual assault, specifically under § 45-5-502(3), MCA, exposing him to the felony penalty prescribed by that statute.

4

There is no other statutory provision that increases the possible penalty for a conviction under § 45-5-502(3), MCA. In this case there is no fact that the sentencing court can use to increase the penalty for a conviction under § 45-5-502(3), MCA, that is not in the elements of the offense set out in that statute. There was no sentence enhancement as that term is used in *Apprendi* or in § 46-1-401(3), MCA.[2]

¶10 The District Court properly instructed the jury. On appeal we consider the instructions as a whole to determine whether a district court fully and fairly instructed the jury on the applicable law. *State v. Scarborough*, 2000 MT 301, ¶ 47, 302 Mont. 350, 14 P.3d 1202.

¶11 The District Court instructed the jury that Ghostbear was presumed innocent and that the presumption could not be overcome unless the jury was convinced from all the evidence that he was guilty beyond a reasonable doubt. The District Court instructed that the verdict must be unanimous, and that the jury must unanimously agree upon the commission of the same specific act constituting the crime before convicting Ghostbear. The District Court instructed the jury that a statement made by Ghostbear outside the trial could be considered an admission or confession, and that an admission is a statement of fact pertinent to the issue and tending to prove guilt.

---

[2] In *State v. Baker*, 2000 MT 235, 301 Mont. 323, 8 P.3d 817, cited in the concurring opinion, this Court held that the age differential in § 45-5-502(3), MCA, is a punishment enhancement for sexual assault "otherwise provided in § 45-5-502(2), MCA." *Baker*, ¶ 30. The important distinction between the present case and *Baker* is that Baker was charged with a violation of § 45-5-502, MCA, while Ghostbear was specifically charged with a violation of § 45-5-502(3), MCA, a felony. Because Ghostbear was charged with the specific felony under subsection (3), the State was required to prove the age disparity with the victim as an element of the crime.

5

¶12 Further, the District Court instructed the jury on the elements of the crime of sexual assault: that the offense requires proof that the victim was subjected to sexual contact; that the victim did not consent; and that Ghostbear acted knowingly. The District Court instructed the jury in the words of § 45-5-502(5)(a)(ii), MCA, that "consent is ineffective if the victim is 14 years of age or younger and the defendant is 3 or more years older than the victim."

¶13 While Ghostbear contends and the District Court determined that there was no evidence of his age and the age of the victim, the record shows otherwise. The State correctly notes that during trial the District Court admitted into evidence a recording and a transcript of an interview of Ghostbear by a law enforcement officer. Early in that interview Ghostbear stated that his date of birth was in 1977, making him 34 years old at the time of the offense. In addition, in that same interview Ghostbear acknowledged that the victim was just turning age 8, making her age 7 at the time of the alleged offense. The victim also testified that she was age 8. The jury heard this evidence and was able to corroborate the respective ages of Ghostbear and the victim because each of them testified at trial. The jurors were entitled to infer from what they observed that the ages of Ghostbear and the victim were as he acknowledged them to be in the admitted interview. The jurors were instructed that they could consider "the appearance of the witnesses on the stand." The jurors saw, and therefore could consider, the appearance of Ghostbear as a mature man and the victim as a child. Ghostbear does not point to any contrary evidence of age in the record nor does he argue that there was any conceivable way that the jury could fail to conclude that the victim was under the age of 16 and that

6

Ghostbear was more than 3 years older. Ghostbear does not contend that the respective ages were in any way contested during the trial.

¶14 Having been given these and other instructions, the jury returned a verdict that Ghostbear was guilty of "the charge of Sexual Assault, a Felony." Under the instructions as given, the jury's guilty verdict required the jury to find the essential elements of sexual assault as charged in this case. Under the instructions as given, the jury could not have returned the conviction without determining as a matter of fact that the victim was under the age of 14 and that Ghostbear was more than 3 years older. By following the instructions and by returning a guilty verdict the jury necessarily found as facts the respective ages of Ghostbear and the victim. This constitutes felony sexual assault under § 45-5-502(3), MCA. The jury's verdict reflects a finding of the age disparity required by § 45-5-502(3), MCA.

¶15 The State proved the elements of the crime of felony sexual assault under § 45-5-502(3), MCA; the District Court properly instructed the jury on the burden of proof and the elements of the crime; the jury returned its verdict that Ghostbear was guilty of "Sexual Assault, a Felony." The prescribed range of punishment is set out in the statute, and there is no enhancement factor. It is proper for judges to be given sentencing discretion while imposing a sentence within the range imposed by the statute. *Apprendi*, 530 U.S. at 481, 120 S. Ct. at 2358.

¶16 The age evidence was admitted by Ghostbear and the evidence was not contested. Clearly there was no reasonable doubt that the young victim was under the age of 16 and that Ghostbear was more than 3 years older as required for a conviction of felony sexual

7

assault. In conclusion, this case was a crime properly charged, the elements of the charge were specified by statute and were proven. The jury was properly instructed, and a verdict was properly rendered. The District Court may therefore proceed to sentencing under § 45-5-502(3), MCA.

¶17 The District Court is reversed and this matter is remanded for further proceedings.


/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE


Justice Laurie McKinnon, specially concurring.

¶18 I agree with the Court that the requirements of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), were satisfied at Ghostbear's trial. However, Ghostbear has raised an important question concerning the jury instructions, which the Court has not addressed. Given our reliance on the jury instructions in holding that there was no *Apprendi* violation, I believe it is necessary to explain why Ghostbear's argument on this point fails.

¶19 Additionally, I believe the Court has misconstrued the requirements of § 46-1-401, MCA. This statute provides greater protection of the rights to due process and trial by jury than does *Apprendi* by imposing a "separate finding" requirement that *Apprendi* does not. Nevertheless, while I conclude that the statute was not satisfied at Ghostbear's trial,

8

I also conclude that this error was harmless. I thus specially concur in the Court's decision to reverse and remand for resentencing.

¶20 In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. The Supreme Court subsequently explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) (emphasis in original). In other words, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04, 124 S. Ct. at 2537 (emphasis in original). Thus, "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." *Blakely*, 542 U.S. at 304, 124 S. Ct. at 2537 (citation and internal quotation marks omitted). This principle was later applied to mandatory minimums: "facts that increase mandatory minimum sentences must be submitted to the jury" as well. *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2160 (2013).

¶21 Based on this constitutional rule, the Supreme Court has distinguished "elements" of an offense from "sentencing factors" or "sentence enhancements" in the following manner. "[A]ny facts that increase the prescribed range of penalties to which a criminal

9

defendant is exposed are elements of the crime." *Alleyne*, 133 S. Ct. at 2160 (internal quotation marks omitted). Regardless of what a state legislature might call a particular fact—an element, a sentencing factor, an aggravating circumstance, or something else— if the finding of that fact exposes the defendant to a greater punishment, that fact is by definition an "element" for purposes of *Apprendi* and must be found by the jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 494, 120 S. Ct. at 2365; *Alleyne*, 133 S. Ct. at 2155; *Ring v. Arizona*, 536 U.S. 584, 602, 122 S. Ct. 2428, 2439-40 (2002). As the Supreme Court expressed this concept in *Alleyne*, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." 133 S. Ct. at 2162.

¶22　Penalty enhancements, in contrast, do not form a constituent part of a new offense. "The term ['sentencing factor' or 'sentence enhancement'] appropriately describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense." *Apprendi*, 530 U.S. at 494 n.19, 120 S. Ct. at 2365 n.19 (emphasis in original). Indeterminate sentencing involves judicial fact-finding in that a judge may implicitly rule on those facts she deems important to the exercise of her sentencing discretion. *Blakely*, 542 U.S. at 309, 124 S. Ct. at 2540. The critical difference for *Apprendi* purposes is that, "while sentencing factors may guide or confine a judge's discretion in sentencing an offender *within the range* prescribed by statute, judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive based purely on the facts found by the jury." *United States v. O'Brien*,

10

560 U.S. 218, 224, 130 S. Ct. 2169, 2174-75 (2010) (emphasis in original, citation and internal quotation marks omitted). The judge's authority is limited because, although she may make findings that guide her sentencing discretion within the statutorily prescribed range, she may not make findings that increase the statutorily prescribed range. The judge "may not inflict punishment that the jury's verdict alone does not allow." *S. Union Co. v. United States*, 567 U.S. ___, 132 S. Ct. 2344, 2350 (2012) (brackets and internal quotation marks omitted).

¶23    Ghostbear was charged with sexual assault against his girlfriend's daughter (A.T.). "A person . . . commits the offense of sexual assault" if the person "knowingly subjects another person to any sexual contact without consent." Section 45-5-502(1), MCA. The penalties for this offense are set forth in subsections (2) and (3) of the statute. A first or second conviction is a misdemeanor. Section 45-5-502(2)(a), (b), MCA. A third or subsequent conviction is a felony with a maximum term of imprisonment of five years. Section 45-5-502(2)(c), MCA. Regardless of the number of the conviction, however, the offender must be punished "by life imprisonment or by imprisonment in the state prison for a term of not less than 4 years . . . or more than 100 years" if the victim was less than 16 years old and the offender was 3 or more years older than the victim at the time of the offense. Section 45-5-502(3), MCA. A finding that the victim was less than 16 years old and the offender was 3 or more years older than the victim "alters the prescribed range of sentences to which a criminal defendant is exposed" and, thus, must be found by the jury beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2160.

11

¶24 The State sought a felony sentence in Ghostbear's case based on the ages of A.T. and Ghostbear. The "elements" of this offense, for *Apprendi* purposes, are: Ghostbear subjected A.T. to sexual contact; the sexual contact was without consent; Ghostbear acted knowingly; A.T. was less than 16 years old; and Ghostbear was 3 or more years older than A.T. There is no dispute the jury found, beyond a reasonable doubt, that Ghostbear knowingly subjected A.T. to sexual contact without consent. The dispute is whether the jury found that A.T. was under 16 and that Ghostbear was at least 3 years older.

¶25 The jury did not enter a specific finding concerning age; however, the jury was instructed on the definition of sexual assault in Instruction No. 19, as follows:

> A person who knowingly subjects another person to any sexual contact without consent commits the offense of sexual assault.
> Consent is ineffective if the victim is 14 years of age or younger and the defendant is 3 or more years older than the victim.

This definition of "consent" was taken almost verbatim from the sexual assault statute. *See* § 45-5-502(5)(a)(ii), MCA. It stands to reason that, in finding that A.T. could not consent because she was 14 years of age or younger and Ghostbear was 3 or more years older, the jury necessarily also found that A.T. was less than 16 years old and Ghostbear was 3 or more years older for purposes of elevating the offense to a felony.

¶26 Ghostbear argues, however, that Instruction No. 19 "did not direct the jury that the only way to find the 'without consent' element was through age findings." He opines that "the 'without consent' element could also be found based upon an ordinary lack of consent (that the victim did not agree to the sexual contact)." He suggests that if the jury found "without consent" based on A.T.'s actual lack of consent, rather than her inability

12

to consent because of her age, then the jury did not make the age findings required by *Apprendi* to raise the offense to a felony under § 45-5-502(3), MCA. Although this theory might be plausible in another case, I conclude that it fails on the record here.

¶27 Generally speaking, it is true that "without consent" may be found based upon the respective ages of the defendant and the victim, or upon an ordinary lack of consent. In *State v. Williams*, 2010 MT 58, ¶¶ 24-27, 355 Mont. 354, 228 P.3d 1127, we explained that "without consent," for purposes of both sexual assault and sexual intercourse without consent, has its "ordinary meaning" as well as certain statutorily defined circumstances where the victim is deemed incapable of consent. The ordinary meaning of "without consent" is "'the victim is compelled to submit by force . . . .'" *Williams*, ¶ 27 (quoting § 45-5-501(1)(a)(i), MCA). The circumstances where the victim is deemed incapable of consent include, among others, being incarcerated, being mentally incapacitated, being physically helpless, and being a particular age. *See* § 45-5-501(1)(a)(ii), MCA (sexual intercourse without consent); § 45-5-502(5)(a), MCA (sexual assault). Given appropriate facts, a jury theoretically could be instructed that "without consent" means the victim was "compelled to submit by force" or the victim was incapable of consent due to her age. If the jury were given these alternatives, without any requirement that the jury enter a specific finding as to age, then there likely would be an *Apprendi* problem for purposes of imposing an enhanced penalty.

¶28 At Ghostbear's trial, however, the jury was not given alternative definitions of "without consent." Indeed, the parties assumed the jury would decide lack of consent based on age alone. At the close of the State's case-in-chief, Ghostbear moved to dismiss

13

for insufficient evidence on the ground that the State had failed to prove lack of consent because "[t]here hasn't been any testimony about the Defendant's age." The District Court agreed with the prosecutor that there had been testimony as to age and, thus, denied the motion. Then, in settling jury instructions, the District Court rejected a proposed instruction offered by the prosecution that would have permitted the jury to find lack of consent based either on age or on a finding that A.T. had been "unable to make a reasonable judgment as to the nature or harmfulness of the conduct." The District Court opined that consent should be defined based solely on age, and defense counsel expressly stated that he had no objection to doing so.

¶29 Ghostbear posits that the jury nevertheless may have applied the ordinary meaning of "without consent" rather than the age definition. I am not persuaded, however, that the jurors would discard the definition of "without consent" that they were given in favor of a definition that they were not given. The District Court advised the jury: "I will instruct you on the laws you must apply to the evidence presented in the case in order to reach a verdict . . . . These instructions are intended to cover all necessary laws which are pertinent to the case. You must take the law in this case from my instructions alone." Juries are presumed to follow the law that the court provides. *State v. Sanchez*, 2008 MT 27, ¶ 57, 341 Mont. 240, 177 P.3d 444. Ghostbear points to nothing in the record—no trial testimony or arguments by counsel—supporting his theory that the jurors may have made their "without consent" finding based on the ordinary meaning of this term. A.T. was not asked whether she had been "compelled to submit by force," and she provided no such testimony. A.T. was asked her age, and she testified that she was eight years old at

14

the time (October 2012), making her six or seven at the time of the offense. The jury also heard evidence that Ghostbear was born in 1977, making him 33 or 34 at the time of the offense. Under these circumstances, I am satisfied that Instruction No. 19 was sufficient to meet the requirements of *Apprendi*. In finding Ghostbear guilty of sexual assault as this offense was defined in the instruction, the jury necessarily also found that A.T. was less than 16 years old and Ghostbear was 3 or more years older than A.T. Thus, *Apprendi* does not preclude the District Court from imposing a felony penalty.

¶30 Section 46-1-401, MCA, however, mandates a different conclusion. It states that "[a] court may not impose a penalty enhancement specified in Title 45, Title 46, or any other provision of law unless . . . the jury unanimously found in a separate finding that the enhancing act, omission, or fact occurred beyond a reasonable doubt." Section 46-1-401(1)(b), MCA. The statute then provides the following definition of "enhancing act, omission, or fact":

> An enhancing act, omission, or fact is an act, omission, or fact, whether stated in the statute defining the charged offense or stated in another statute, that is not included in the statutory definition of the elements of the charged offense and that allows or requires a sentencing court to add to, as provided by statute, a penalty provided by statute for the charged offense or to impose the death penalty instead of a statutory incarceration period provided by statute for the charged offense.

Section 46-1-401(3), MCA. This provision distinguishes "the statutory definition of the elements of the charged offense" from "an act, omission, or fact . . . that allows or requires a sentencing court to" impose an enhanced penalty. The latter must be found by the jury "in a separate finding." Section 46-1-401(1)(b), MCA. This is an added protection that *Apprendi* does not require. As long as all of the facts that expose the

15

defendant to a particular range of penalties are submitted to the jury and found beyond a reasonable doubt, *Apprendi* is satisfied. *Apprendi* does not require that certain of those facts—i.e., enhancing acts, omissions, or facts—be set forth in a "separate finding."

¶31 The Court is mistaken in asserting that "[t]here was no sentence enhancement as that term is used in . . . § 46-1-401(3), MCA," in the present case. Opinion, ¶ 9. Indeed, the Court's assertion is contrary to our holding in *State v. Baker*, 2000 MT 235, 301 Mont. 323, 8 P.3d 817. There, we explained that the statutory definition of the elements of sexual assault is set forth in subsection (1) of the statute: "'knowingly subject[ing] another person to any sexual contact without consent.'" *Baker*, ¶ 29 (brackets in original) (quoting § 45-5-502(1), MCA). The penalties are set forth in subsection (2). *Baker*, ¶ 30. A first or second conviction is a misdemeanor, while a third or subsequent conviction is a felony subject to imprisonment for up to five years. Section 45-5-502(2), MCA. Subsection (3), we held, "sets forth age-related circumstances which *enhance the punishment* for sexual assault otherwise provided in § 45-5-502(2), MCA." *Baker*, ¶ 30 (emphasis added). Regardless of whether it is his first, second, third, or subsequent conviction, subsection (3) exposes the offender to an enhanced penalty if the victim was less than 16 years old and the offender was 3 or more years older than the victim. The age difference is a "fact . . . that is not included in the statutory definition of the elements of the charged offense" and that allows or requires the sentencing court to impose a greater punishment than would otherwise be authorized for a conviction of sexual assault. Section 46-1-401(3), MCA. The age difference thus results in a penalty enhancement, despite the Court's supposition to the contrary in the present case.

16

¶32 This conclusion is consistent with legislative history. In *Baker*, the defendant (Baker) was charged by information with sexual assault. The information also alleged that the victim was less than 16 years old and that Baker was 3 or more years older, which Baker argued was an "element" of the offense that the State had to prove at trial. This Court disagreed, reasoning that § 45-5-502(3), MCA, "merely sets forth age-related circumstances which enhance the punishment for sexual assault otherwise provided in § 45-5-502(2), MCA." *Baker*, ¶ 30. In his special concurrence, Justice Leaphart argued that, for purposes of *Apprendi*, the age-differentiation requirement is an element that must be found by the jury. *Baker*, ¶¶ 33-44 (Leaphart, J., specially concurring). Nevertheless, the Court held that the State is not required to prove penalty enhancements, such as age differentiation, at trial. *Baker*, ¶ 30.

¶33 The Legislature effectively superseded this holding the following year when it passed House Bill 521 (2001), ultimately codified as § 46-1-401, MCA. The sponsor, Representative Brad Newman, explained to the House Judiciary Committee that Montana has some "enhanced penalties." He gave "assault against a person under the age of 14" as an example, explaining that if a person assaults another adult, it is a misdemeanor, but if the assault is against a child, it is a felony. H. Jud. Comm., Mins., 57th Reg. Sess., at 4 (Mont. Feb. 14, 2001). Referring to *Apprendi*, which had been decided seven months earlier, he stated that the State now must prove an "enhancing circumstance" to the jury.

¶34 The original draft of House Bill 521 included a list of enhancing acts, omissions, or facts. Had this draft been enacted without amendment, § 46-1-401(3), MCA, would read as follows:

17

(3) An enhancing act, omission, or fact is an act, omission, or fact, whether stated in the statute defining the charged offense or stated in another statute, that is not included in the statutory definition of the elements of the charged offense and that allows or requires a sentencing court to add to, as provided by statute, an incarceration period provided by statute for the charged offense or to impose the death penalty instead of a statutory incarceration period provided by statute for the charged offense. *An enhancing act, omission, or fact includes but is not limited to:*

    (a) bodily injury;

    (b) serious bodily injury;

    (c) property damage;

    (d) use of a weapon or of a certain type of ammunition;

    (e) *the age of the victim or age difference between the defendant and the victim*;

    (f) monetary value or amount of loss, damage, or theft;

    (g) commission of an offense for the benefit of, at the direction of, or in association with one or more other persons; and

    (h) commission of an offense at or in a certain place or within a specified distance of a certain place.

(Emphases added.) The Senate Judiciary Committee amended the bill to delete the foregoing list. This was done not because the senators disagreed with the contents of the list, but because there was concern that the list might be misunderstood as exclusive (i.e., as containing all possible enhancing acts, omissions, or facts), despite the "is not limited to" language. S. Jud. Comm., Mins., 57th Reg. Sess., at 9-10 (Mont. Mar. 23, 2001).

¶35 Section 45-9-132, MCA—also enacted in 2001—further illustrates what the Legislature had in mind. Using the same structural framework as the sexual assault statute, the statutory definition of the elements of this offense is set out in subsection (1): "A person commits the offense of operation of an unlawful clandestine laboratory if the person purposely or knowingly engages in [certain prohibited activities]." Section 45-9-132(1), MCA. Subsection (2) sets forth the basic penalty: "a person convicted of operation of an unlawful clandestine laboratory shall be fined an amount not to exceed

18

$25,000, be imprisoned in a state prison for a term not to exceed 40 years, or both." Section 45-9-132(2), MCA. Subsections (3) and (4) then set forth enhanced penalties. If any phase of the operation created a substantial risk of death of or serious bodily injury to another, took place within 500 feet of a residence, business, church, or school, or took place in the presence of a person less than 18 years of age, then the fine increases to $50,000 and the term of imprisonment increases to 50 years. Section 45-9-132(3), MCA. If the operation involved the use of a firearm or booby trap, then the fine increases to $100,000 and the term of imprisonment increases to 50 years. Section 45-9-132(4), MCA. The statute states that before either of these enhanced penalties may be imposed, "46-1-401 [must be] complied with." Section 45-9-132(3), (4), MCA. Thus, in order to impose a greater penalty based on age, the jury must enter "a separate finding" that the operation of the unlawful clandestine laboratory "took place in the presence of a person less than 18 years of age." Sections 45-9-132(3)(c), 46-1-401(1)(b), MCA.

¶36     It is presumed that the Legislature, when it passes legislation, is aware of existing law, including this Court's decisions. *Gaustad v. City of Columbus*, 265 Mont. 379, 382, 877 P.2d 470, 472 (1994); *Sampson v. Natl. Farmers Union Prop. & Cas. Co.*, 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797. The Legislature did not overturn our holding in *Baker*, ¶¶ 29-30, that § 45-5-502(1), MCA, sets forth the "elements" of sexual assault while § 45-5-502(3), MCA, sets forth "age-related circumstances which enhance the punishment for sexual assault otherwise provided in § 45-5-502(2), MCA." In fact, § 46-1-401(3), MCA, is consistent with this holding in that the provision distinguishes "the statutory definition of the elements of the charged offense" from "an act, omission,

19

or fact . . . that allows or requires a sentencing court" to impose an enhanced penalty. The structure of § 45-9-132, MCA (unlawful clandestine laboratory), also reflects this distinction, as discussed above. What the Legislature overturned when it passed House Bill 521 was our holding in *Baker*, ¶ 30, that enhancing circumstances—such as the age difference between the defendant and the victim—do not have to be proved by the State at trial. Such enhancing facts now must be found by the jury in a separate finding. Section 46-1-401(1)(b), MCA.

¶37 Accordingly, in light of *Baker* and the legislative history discussed above, there can be no doubt that the age difference between Ghostbear and A.T. is an "enhancing fact" for purposes of § 46-1-401, MCA. The State concedes this to be true, and the Court errs in holding to the contrary. Opinion, ¶ 9. Significantly, the Court does not dispute the legislative history or the validity of our statutory construction in *Baker*. However, in an attempt to distinguish *Baker* from the present case, the Court devises a novel distinction between the two cases premised on how Baker and Ghostbear were each charged. Opinion, ¶ 9 n.2. Not only is the Court's approach unfounded, it will have the regrettable effect of nullifying the statutory protection of § 46-1-401, MCA.

¶38 The distinction the Court identifies is that Baker was "charged with a violation of § 45-5-502, MCA," while Ghostbear was "charged with a violation of § 45-5-502(3), MCA." Opinion, ¶ 9 n.2. Observing that "Ghostbear was charged with the specific felony under subsection (3)," the Court implies that Baker was not similarly charged with the same felony and, thus, that the two cases are distinguishable. Opinion, ¶ 9 n.2. The

truth, however, is that Baker and Ghostbear were both charged with a felony for violating § 45-5-502(1) and (3), MCA. The Information in *Baker* states:

> That during the summer months of 1997, at Sheridan County, Montana, the above-named defendant committed the offense of SEXUAL ASSAULT, a felony, in violation of Montana law, Section 45-5-502, MCA 1997, punishable by life imprisonment or by imprisonment in the state prison for a term of not less than two years or more than 100 years and a fine not to exceed Fifty Thousand Dollars ($50,000.00).
> The facts constituting the offense are: The above-named defendant KENNETH WAYNE BAKER, knowingly subjected another person to sexual contact without consent. The victim is less than 16 years old and the defendant is three or more years older than the victim.

This language clearly incorporates subsection (3) of the sexual assault statute, which at the time stated: "If the victim is less than 16 years old and the offender is 3 or more years older than the victim . . . , the offender shall be punished by life imprisonment or by imprisonment in the state prison for a term of not less than 2 years or more than 100 years and may be fined not more than $50,000." Section 45-5-502(3), MCA (1997).

¶39 The Second Amended Information in the present case similarly states:

> **COMES NOW,** The Special Deputy Hill County Attorney and files this Information, charging the Defendant with the following offense:
>
> **Count I:** **Sexual Intercourse Without Consent** . . . .
>
> .   .   .
>
> Or in the Alternative
>
> **Count I:** **Sexual Assault, a felony,** in violation of §45-5-502(1)(3), MCA, when on or about a date or dates between January 1, 2011, and January 8, 2012, in Havre, Hill County, Montana, Defendant knowingly subjected another person to any sexual contact without consent of A.T. and when A.T. was unable to consent because she was less than 16 years of age.

21

PENALTY

> Life imprisonment or incarceration for a term not less than four (4) years or more than one-hundred (100) years and/or a fine up to $50,000.00 . . . .

Notably, the correct age for inability to consent is 14, not 16. Section 45-5-502(5)(a)(ii), MCA. Moreover, there is no allegation that Ghostbear was 3 or more years older than A.T. Hence, one could argue that the Information in *Baker* more accurately and adequately alleged an offense under § 45-5-502(1) and (3), MCA, than did the Second Amended Information in the present case.

¶40 There is simply no merit to the Court's contention that Baker and Ghostbear were charged with different offenses. Opinion, ¶ 9 n.2. It makes no difference that the charge in the present case expressly cites § 45-5-502(3), MCA, while the charge in *Baker* did not do the same. Both charging documents alleged that the victim was less than 16 years old. Both charging documents incorporated the language of § 45-5-502(3), MCA. In holding that there is a material and "important" distinction between the two charging documents, Opinion, ¶ 9 n.2, the Court wrongly elevates form over substance. Section 1-3-219, MCA ("The law respects form less than substance."). Had the prosecutor in *Baker* sought leave to amend the Information to add a reference to subsection (3), this clearly would have been an amendment of form, not substance. *State v. Scheffer*, 2010 MT 73, ¶ 38, 355 Mont. 523, 230 P.3d 462 ("An amendment is one of form when the same crime is charged, the elements of the crime and the proof required remain the same, and the defendant is informed of the charges against him."); *State v. Bahr*, 2009 MT 378, ¶ 9, 353 Mont. 294, 224 P.3d 610 ("An information that contains an erroneous name of the

22

offense or an erroneous statutory reference is not necessarily invalid as long as the charging language passes the 'common understanding' rule.").

¶41 Accordingly, there is no question that Baker, like Ghostbear, was charged with a felony pursuant to § 45-5-502(1) and (3), MCA. We clearly held in *Baker* that subsection (1) of the statute sets forth the elements of sexual assault while subsection (3) sets forth an age-related penalty enhancement. *Baker*, ¶¶ 29-30. This holding was based on a plain reading of the statute. We stated:

> Section 45-5-502(3), MCA, merely sets forth age-related circumstances which enhance the punishment for sexual assault otherwise provided in § 45-5-502(2), MCA. *Those age factors pertain only to the sentencing of a person convicted of sexual assault* and, as a result, we conclude that *Baker's age in relation to that of the victim is not an element of the offense of sexual assault* . . . .

*Baker*, ¶ 30 (emphases added). We reiterated this holding in *State v. Tichenor*, 2002 MT 311, ¶ 31, 313 Mont. 95, 60 P.3d 454: "age factor in sexual assault statute pertains only to sentencing and is not an element of the offense." Nothing in our analysis in *Baker* indicates we were concerned with the statutory references contained in the Information— in particular, whether the prosecutor had expressly referenced § 45-5-502(3), MCA. The Court's attempt to limit the holding of *Baker* on this ground simply has no foundation in the facts and analysis in that case, and is contrary to our precedents distinguishing between form and substance.

¶42 Compounding the problem, the Court's proffered distinction between *Baker* and the present case nullifies § 46-1-401, MCA. What the Court holds is this: If the defendant is "charged with a violation of § 45-5-502, MCA," then the age differential is a

23

penalty enhancement pursuant to *Baker,* but if the defendant is "charged with a violation of § 45-5-502(3), MCA," then the age differential is an element of the crime pursuant to today's decision. Opinion, ¶ 9 n.2. Restated, the age differential is an enhancement if subsection (3) *is not* expressly referenced in the charge but is an element if subsection (3) *is* expressly referenced in the charge. Setting aside the Court's failure to cite any supporting authority for this holding, the problem with the Court's approach is that § 46-1-401, MCA, requires a statute containing an enhancing act, omission, or fact to be referenced in the charge. Section 46-1-401(1)(a), MCA ("the enhancing act, omission, or fact [must be] charged in the information, complaint, or indictment, *with a reference to the statute or statutes containing the enhancing act, omission, or fact*" (emphasis added)). Under the Court's reasoning, however, referencing a statute that contains an enhancing act, omission, or fact—such as § 45-5-502(3), MCA—renders that enhancing act, omission, or fact "an element of the crime." Opinion, ¶ 9 n.2. Hence, after today's decision, there can never be an enhancing act, omission, or fact under § 46-1-401, MCA. By citing the statute in the charge—as § 46-1-401(1)(a), MCA, requires—an act, omission, or fact that would otherwise constitute an enhancing act, omission, or fact becomes an element and, as such, not subject to the "separate finding" requirement of § 46-1-401(1)(b), MCA. Obviously, this is not what the Legislature intended.

¶43 The age differential in § 45-5-502(3), MCA, was alleged both in *Baker* and in the present case. The age differential is always an "element" for *Apprendi* purposes because it "alters the prescribed range of sentences to which a criminal defendant is exposed." *Alleyne*, 133 S. Ct. at 2160. In contrast, the age differential is always an enhancing fact

for purposes of § 46-1-401, MCA, because it is "not included in the *statutory* definition of the elements of the charged offense." Section 46-1-401(3), MCA (emphasis added); *Baker*, ¶¶ 29-30. The State concedes that the jury at Ghostbear's trial did not find the age difference between Ghostbear and A.T. in a separate finding, and that § 46-1-401(1)(b), MCA, thus was not satisfied. Hence, the District Court was precluded from imposing the felony penalty in § 45-5-502(3), MCA—unless the statutory error was harmless.

¶44 Because the "separate finding" requirement of § 46-1-401, MCA, is a statutory protection, it is subject to § 46-1-103, MCA, which states in relevant part:

> (2) This title is intended to provide for the just determination of every criminal proceeding. The purposes of this title are to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay.
> (3) Any irregularity in a proceeding specified by this title that does not affect the substantial rights of the accused must be disregarded.

*Cf.* § 46-20-701(2), MCA ("Any error, defect, irregularity, or variance [in the trial court] that does not affect substantial rights must be disregarded [on appeal]."). Accordingly, Ghostbear's post-trial motion to be sentenced for misdemeanor sexual assault was subject to harmless-error analysis by the District Court, and is subject to such analysis on appeal.

¶45 An error is "structural" if it affects the framework within which the trial proceeds. *State v. Rogers*, 2013 MT 221, ¶ 37, 371 Mont. 239, 306 P.3d 348. Structural error—for example, a biased judge or deprivation of the right to counsel—"'necessarily renders a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Washington v. Recuenco*, 548 U.S. 212, 218-19, 126 S. Ct. 2546, 2551 (2006) (brackets omitted) (quoting *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827,

25

1833 (1999)). Such error cannot be analyzed for prejudice and consequently is automatically reversible. *State v. Stewart*, 2012 MT 317, ¶ 45, 367 Mont. 503, 291 P.3d 1187; *State v. Matt*, 2008 MT 444, ¶¶ 31-32, 347 Mont. 530, 199 P.3d 244, *overruled on other grounds by State v. Charlie*, 2010 MT 195, ¶ 45, 357 Mont. 355, 239 P.3d 934. Trial error, on the other hand, is the type of error that typically occurs during the presentation of a case to the jury and that can be reviewed qualitatively for prejudice. *Stewart*, ¶ 45.

¶46 Failing to submit an element of the offense to the jury is trial error and, therefore, subject to harmless-error review. *Recuenco*, 548 U.S. at 219-20, 126 S. Ct. at 2551-52. I see no principled basis for concluding differently as to the "separate finding" requirement of § 46-1-401(1)(b), MCA. Failing to obtain a separate finding on an enhancing act, omission, or fact does not render the trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Such error can be reviewed qualitatively for prejudice. I thus conclude that it is trial error.

¶47 Failing to submit an element—or, in this case, an enhancing fact—to the jury is harmless if the court "'finds beyond a reasonable doubt that the result "would have been the same absent the error."'" *Adams v. State*, 2007 MT 35, ¶ 62, 336 Mont. 63, 153 P.3d 601 (quoting *United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006), in turn quoting *Neder*, 527 U.S. at 19, 119 S. Ct. at 1838). "[I]f the record contains overwhelming and uncontroverted evidence supporting the sentencing factor," then the error is harmless, but "if the defendant contested the omitted [fact] and raised evidence

26

sufficient to support a contrary finding," then the error is not harmless. *Adams*, ¶ 62 (citing *Zepeda-Martinez*, 470 F.3d at 913).

¶48 Although it is not designated as such, the Court's discussion at ¶ 13 of the Opinion is essentially a harmless-error analysis. As the Court points out, A.T. testified that she was eight years old at the time of trial, making her six or seven at the time of the offense. In Ghostbear's interview with law enforcement, a recording of which was played at trial, he acknowledged that A.T. was just turning eight. In addition, he stated that his date of birth was in 1977, making him 33 or 34 at the time of the offense. At trial, Ghostbear was asked, "Did you drink when you were a kid?" to which he responded, "No, . . . I didn't have a drink of alcohol until I was 18 years old." The evidence of A.T.'s age and Ghostbear's age was uncontroverted. The evidence established that A.T. was roughly six or seven at the time of the offense and Ghostbear was three or more years older than A.T. Indeed, no rational trier of fact could have concluded that A.T. was over 16 years old or that there was less than a three-year age difference between A.T. and Ghostbear.

¶49 On the record before us, I believe we can conclude, beyond a reasonable doubt, that the result would have been the same absent the error. *Zepeda-Martinez*, 470 F.3d at 913; *Adams*, ¶ 62. In other words, had the jury been asked to make the separate finding required by § 46-1-401(1)(b), MCA, that A.T. was less than 16 years old and Ghostbear was 3 or more years older, I conclude beyond a reasonable doubt that the jury would have made this finding, given the uncontroverted evidence presented at trial regarding age.

¶50 Based on the foregoing analysis, I specially concur in the Court's decision to reverse and remand for felony sentencing.

/S/ LAURIE McKINNON

Justice Beth Baker joins the Special Concurrence of Justice Laurie McKinnon.


/S/ BETH BAKER