FILED

04/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0386

DA 16-0386

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 82

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TAM THANH LE,

Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 15-067
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Penelope S. Strong, Attorney at Law, Billings, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

Olivia Rieger, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  March 8, 2017

Decided:  April 11, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Defendant, Tam Thanh Le (Le), appeals from the sentence imposed by the Seventh Judicial District Court, Dawson County, for his conviction of Criminal Possession of Dangerous Drugs, which included a $15,000 fine imposed pursuant to § 45-9-130, MCA. We affirm and address the following issue:

*Did the District Court err by imposing an illegal sentence?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 On July 12, 2015, Highway Patrolman Barry Kilpela stopped Le's vehicle for speeding on Interstate 94 in Dawson County, Montana. During the stop, Officer Kilpela formed a suspicion that Le was involved in illegal narcotics activity and, after issuing a warning for speeding, asked Le if he would open the back hatch of the vehicle. Le consented and opened the hatch, revealing a "large blocky shaped bag." When Kilpela asked what was in the bag, Le stated, "Um, some sort of stuff." Le opened the bag and Kilpela observed several vacuum-sealed bags of what he believed to be marijuana. Officer Kilpela placed Le under arrest and seized Le's vehicle. Law enforcement executed a search warrant on the vehicle, discovering 30 vacuum-sealed bags of marijuana weighing a total of 23 pounds.

¶3 Le was charged with Criminal Distribution of Dangerous Drugs with Intent to Distribute, a felony, in violation of § 45-9-103, MCA. Le conducted plea negotiations with the State, resulting in a plea agreement. Pursuant to the agreement, the State moved to amend the charge to Criminal Possession of Dangerous Drugs, a felony, in violation of

2

§ 45-9-102, MCA. The Amended Information advised that Le could face five years of imprisonment in the state prison, be fined up to $50,000, or both, but did not mention the imposition of a fine under § 45-9-130, MCA, based upon the market value of the marijuana he possessed.

¶4 At the change of plea hearing, Le filed an Acknowledgment of Waiver of Rights, acknowledging the charged offense and possible penalty. Prior to Le entering a plea, the District Court informed Le that "[t]he maximum penalty for that charge is up to five years in prison and a $50,000 fine plus a penalty of 35 percent of the market value of the drugs." Le stated that he understood the possible maximum penalties and entered a plea of guilty to the charged offense.[1]

¶5 Prior to the sentencing hearing, Le filed an objection to imposition of a fine under § 45-9-130, MCA, on the grounds, relevant to the appeal, that the fine violated the "Apprendi doctrine," based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and § 46-1-401, MCA, Montana's statutory counterpart to the *Apprendi* decision, and that it constituted an excessive penalty prohibited by the Montana and U.S. Constitutions.[2]

¶6 At the sentencing hearing, the District Court denied Le's sentencing objections and heard testimony regarding the value of the marijuana Le was convicted of possessing. The

---

[1] Because Le did not speak English fluently, a certified Vietnamese Interpreter was sworn and provided translation for Le.

[2] Le's argument on appeal regarding excessive sanctions focuses only on the Montana Constitution.

3

court imposed a six-year deferred sentence, with a $1,500 fine to be paid to the Eastern Montana Drug Task Force, and a $15,000 fine pursuant to § 45-9-130, MCA. Le appeals the imposition of the $15,000 fine.

**STANDARD OF REVIEW**

¶7 Criminal sentences are reviewed for legality. *State v. Patterson*, 2016 MT 289, ¶ 9, 385 Mont. 334, 384 P.3d 92 (citing *State v. Simpson*, 2014 MT 175, ¶ 8, 375 Mont. 393, 328 P.3d 1144). Our review for legality is generally confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. *State v. Himes*, 2015 MT 91, ¶ 22, 378 Mont. 419, 345 P.3d 297 (citing *State v. Breeding*, 2008 MT 162, ¶ 10, 343 Mont. 323, 184 P.3d 313). A claim that a sentence violates the constitution is a matter of law that we review *de novo*. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946. We review a court's conclusions of law and interpretation of statutes *de novo* for correctness. *State v. Henderson*, 2015 MT 56, ¶ 9, 378 Mont. 301, 343 P.3d 566 (citing *State v. Petersen*, 2011 MT 22, ¶ 8, 359 Mont. 200, 247 P.3d 731).

**DISCUSSION**

¶8 *Did the District Court err by imposing an illegal sentence?*

¶9 Le first argues that the $15,000 fine imposed pursuant to § 45-9-130, MCA, is a sentence enhancement that violated the requirements of *Apprendi* and § 46-1-401, MCA,

4

because the State did not allege the enhancement as part of the charge, and Le did not admit to the market value of the marijuana that he pled guilty to possessing.

¶10 In *Apprendi*, the United States Supreme Court held that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363 (internal quotations and citations omitted). The Court instructed that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum" must be "proved beyond a reasonable doubt" in order to satisfy the Sixth Amendment's right to jury trial. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63; *see also State v. Ghostbear*, 2014 MT 192A, ¶ 7, 376 Mont. 500, 338 P.3d 25. Thus, a "sentence enhancement" is a fact that increases the penalty for a crime "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363-64. "It is a fact *not included in the statutory definition of the elements of the charged offense* that allows the judge to increase the penalty provided by statute. Section 46-1-401(3), MCA." *Ghostbear*, ¶ 8 (emphasis added).

¶11 After the *Apprendi* decision, the Montana Legislature enacted legislation that codified the principles of *Apprendi* in statute:

> (1) A court may not impose a penalty enhancement specified in Title 45, Title 46, or any other provision of law unless:
>
> (a) the enhancing act, omission, or fact was charged in the information, complaint, or indictment, with a reference to the statute or statutes containing the enhancing act, omission, or fact and the penalty for the enhancing act, omission, or fact;

5

(b)   if the case was tried before a jury, the jury unanimously found in a separate finding that the enhancing act, omission, or fact occurred beyond a reasonable doubt;

(c)   if the case was tried to the court without a jury, the court finds beyond a reasonable doubt that the enhancing act, omission, or fact occurred; and

(d)   a defendant who knowingly and voluntarily pleaded guilty to an offense also admitted to the enhancing act, omission, or fact.

.   .   .

(3)   *An enhancing act, omission, or fact is an act, omission, or fact*, whether stated in the statute defining the charged offense or stated in another statute, *that is not included in the statutory definition of the elements of the charged offense and that allows or requires a sentencing court to add to, as provided by statute, a penalty provided by statute for the charged offense* or to impose the death penalty instead of a statutory incarceration period provided by statute for the charged offense. Except as provided in subsection (4), the aggravating circumstances contained in 46-18-303 are enhancing acts, omissions, or facts.

Sections 46-1-401(1), (3), MCA (emphasis added).[3] *Apprendi* and this statute require that any fact "not included in the statutory definition of the elements of the charged offense," § 46-1-401(3), MCA, which increases the penalty "beyond the prescribed statutory maximum," *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363-64, must either be found beyond a reasonable doubt by the factfinder at trial or admitted by the defendant.

¶12    The sentencing penalty provision at issue in this case, § 45-9-130, MCA, provides, in pertinent part:

(1)  In addition to the punishments and fines set forth in this part, the court shall fine each person found to have possessed or stored dangerous drugs 35% of the market value of the drugs as determined by the court.

---

[3] We have held that Montana's statutory enactment of *Apprendi* has "no substantive distinction between the principles enunciated in *Apprendi* and its progeny." *Garrymore*, ¶ 36.

6

This is a mandatory penalty, providing that sentencing courts "shall fine" each defendant "found to have possessed or stored dangerous drugs" an amount equal to 35% of the market value of the drugs he possessed. Section 45-9-130(1), MCA. As such, the penalty is not subject to the discretionary authority provided to courts under the general sentencing statutes. Sections 46-18-201, et seq., MCA; *State v. Mingus*, 2004 MT 24, ¶ 15, 319 Mont. 349, 84 P.3d 658 (holding discretionary sentencing statutes do not apply to mandatory fines).

¶13    Le committed the offense of criminal possession of dangerous drugs, a violation of § 45-9-102, MCA, because he was a person who "possess[ed] any dangerous drug, as defined in 50-32-101," here, marijuana. He was convicted by guilty plea, in which he admitted to possessing the marijuana.[4] By so doing, he admitted "to have possessed or stored dangerous drugs" as required by § 45-9-130, MCA, the mandatory penalty provision. The mandatory penalty did not here require proof of any other fact "not included in the statutory definition of the elements of the charged offense," § 46-1-401(3), MCA, and, therefore, is not a sentencing enhancement for Le's crime. *See Ghostbear*, ¶ 14 (holding "the jury could not have returned the conviction without determining as a matter of fact" the asserted enhancement fact). By virtue of his plea, including his admission to possessing the marijuana, Le mandatorily became subject to the 35% market value fine,

---

[4] During the change of plea hearing, Le pled guilty to possessing more than 60 grams of marijuana, § 45-9-102(2), MCA, described by his attorney as being "a substantial amount." The amount was more specifically referred to variously by the prosecutor as "well over 60 grams" and in poundage as "in the low 20s."

part of the "statutory maximum" penalty for his crime, as he was correctly advised by the District Court. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363. No other fact needed to be proven by the State or admitted by Le, and the State was not required under § 46-1-401(1)(a), MCA, to charge the enhancing fact in the Information.

¶14 Le argues that his plea did not include an admission of the "market value of the drugs," which the District Court determined in order to calculate the 35% penalty, and thus, the market value was an enhancing fact that was not properly proven. However, the 35% penalty was mandatorily triggered solely by Le's admission that he criminally possessed dangerous drugs—not by the determination of the market value of those drugs. As noted above, *Apprendi* prohibits the removal from the jury or factfinder of "the assessment of facts that *increase the prescribed range of penalties to which a criminal defendant is exposed*." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363 (emphasis added). The District Court's calculation of the 35% penalty did not increase the prescribed range of penalties to which Le was exposed. That range was determined by the entry of Le's guilty plea.

¶15 Le also challenges the $15,000 fine as violating of Montana's constitutional prohibition of "excessive fines." Mont. Const. art. II, § 22. We have said that a fine or punitive assessment can violate the Excessive Fine Provision of the Montana Constitution if it is "grossly disproportional to the gravity of a defendant's offense." *State v. Good*, 2004 MT 296, ¶ 23, 323 Mont. 378, 100 P.3d 644 (citing *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036 (1998)). Here, the Legislature incorporated the concept of proportionality into § 45-9-130, MCA, by requiring that the amount of the fine

be based upon the market value of the dangerous drugs that a defendant illegally possessed. Thus, the greater the value of the illegally possessed drugs, or "gravity" of the offense, the greater the fine. Le's fine of $15,000 resulted from carrying 23 pounds of illegal drugs, and the calculation of the value of those drugs. Further, $15,000 is significantly less than the maximum discretionary fine of $50,000 that the sentencing court was authorized to impose for Le's conviction. Lee has not demonstrated that the fine is "grossly disproportional" to the gravity of his offense and violates the Excessive Fines Provision.

¶16 Finally, Le admits that he did not raise a double jeopardy argument below, but nonetheless, requests this Court to review under the plain error doctrine or the *Lenihan* Rule. Generally, "[p]arties may not raise claims for the first time or change legal theories on appeal." *State v. Weatherell*, 2010 MT 37, ¶ 16, 355 Mont. 230, 225 P.3d 1256 (citing *State v. Weaselboy*, 1999 MT 274, ¶ 16, 296 Mont. 503, 989 P.2d 836). The "plain error" exception to this general rule allows this Court to "review a claim notwithstanding it being raised for the first time on appeal if failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Bateman*, 2004 MT 281, ¶ 20, 323 Mont. 280, 99 P.3d 656 (citing *State v. Godfrey*, 2004 MT 197, ¶ 22, 322 Mont. 254, 95 P.3d 166) (internal quotations omitted). Similarly, the *Lenihan* Rule "provides an exception to the general rule and allows appellate review of a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant raised no objection in the trial court." *State v. Kotwicki*, 2007 MT

17, ¶ 8, 335 Mont. 344, 151 P.3d 892 (citing *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)).

¶17    We conclude that this matter does not warrant plain error review.  Neither is Le entitled to relief pursuant to the *Lenihan* Rule.  We have limited review of "the merits of a defendant's double jeopardy claim, despite the failure to raise the issue in the district court, where the court could have determined from the record that the government lacked the power to charge a defendant," and here the government did not lack such authority.  *State v. Toth*, 2008 MT 404, ¶ 8, 347 Mont. 184, 197 P.3d 1013.

¶18    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR