FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0630

DA 19-0630

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 114N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

MICHAEL ROBERT LONG,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 19-08
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

            Marcia Boris, Lincoln County Attorney, Jeffrey Zwang, Deputy County Attorney, Libby, Montana

Submitted on Briefs: March 17, 2021

Decided: May 4, 2021

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Robert Long appeals a Nineteenth Judicial District Court Judgment sentencing him for possession of dangerous drugs with intent to distribute. He challenges only the District Court's imposition of a $700 fine he contends is unlawful under our decision in *State v. Ber Lee Yang*, 2019 MT 266, 397 Mont. 486, 452 P.3d 897. We affirm.

¶3 In December 2018, two confidential informants contacted the Lincoln County Sheriff's Office and the Northwest Drug Task Force to report that Long was selling methamphetamine in Lincoln County. In early January 2019, Lincoln County detectives seized Long at a trailer park in Libby and obtained a search warrant for his vehicle. The search revealed a shotgun, drug paraphernalia, and both marijuana and methamphetamine.

¶4 On January 15, 2019, the State charged Long with two misdemeanors and one count of felony possession of dangerous drugs with intent to distribute, carrying a maximum twenty-year prison term and a fine of up to $50,000. The State and Long entered into an *Alford*[1] plea agreement under which Long would plead guilty to the felony charge in exchange for a six-year sentence, any applicable court fees, and a $700 fine—an amount

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

2

the plea agreement noted was thirty-five percent of the market value of the confiscated drugs. The plea agreement did not reference any statutory provision as authorizing the fine. The District Court accepted the plea agreement in May 2019.

¶5 At the June 3, 2019 sentencing hearing, the State recommended a sentence in accordance with the plea agreement. Long's counsel "concur[red]" with the recommendation of the $700 fine. The District Court sentenced Long to six years in the Montana State Prison with 159 days credited for time served and no parole restrictions, and it imposed the stipulated $700 fine. The District Court's written Judgment correctly reflected its oral pronouncement of the sentence. The Judgment cited § 46-18-231, MCA, as authority for the fine. Long's counsel did not raise any objections.

¶6 We review criminal sentences de novo for their legality to determine whether the sentence is statutorily authorized and within the statutory parameters. *State v. Tam Thanh Le*, 2017 MT 82, ¶ 7, 387 Mont. 224, 392 P.3d 607 (citations omitted); *Ber Lee Yang*, ¶ 8 (citation omitted).

¶7 Long argues that the District Court erred by imposing the $700 fine, which he contends was determined by applying § 45-9-130(1), MCA. Section 45-9-130(1), MCA, provides that, "[i]n addition to the punishments and fines set forth in this part, the court shall fine each person found to have possessed or stored dangerous drugs 35% of the market value of the drugs as determined by the court." Long relies on this Court's decision in *Ber Lee Yang*, ¶ 28, to argue that the fine was illegally imposed under a facially unconstitutional statute.

3

¶8 The District Court imposed a lawful sentence. The court imposed the fine pursuant to the plea agreement, in which the parties stipulated that Long would pay a fine of $700—a fine well within the prescribed penalty for the charged offense. *See* § 45-9-103(3), MCA (providing the maximum fine of $50,000 for a person convicted of criminal possession with intent to distribute). Long does not argue that the fine is not proportional to the gravity of the offense or that it is unreasonable on the face of the undisputed record. *See, e.g., Tam Thanh Le*, ¶ 15 (affirming the imposition of a $15,000 fine because it was not grossly disproportionate to the gravity of the defendant's offense and significantly less than the maximum discretionary fine of $50,000); *State v. Kotwicki*, 2007 MT 17, ¶¶ 13, 16, 335 Mont. 344, 151 P.3d 892 (affirming the imposition of a $25,000 fine because the defendant failed to object to the district court on the grounds that he did not have the ability to pay and the fine was within the statutory maximum parameter of $50,000). We accordingly find it unnecessary to consider Long's argument under § 45-9-130(1), MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Long is not serving an illegal sentence. We affirm the District Court's judgment.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE